GREENBERG & JOSEFSBERG *v.* UNITED STATES (No. 4249) [1]

United States Court of Customs and Patent Appeals, June 24, 1940

*Siegel & Mandell* for appellants.

*Webster J. Oliver,* Assistant Attorney General (*Charles D. Lawrence,* special assistant to the Attorney General, and *William J. Vitale,* special attorney, of counsel), for the United States.

[Oral argument April 8, 1940, by Mr. Sidney Mandell and Mr. Lawrence]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

[1] C. A. D. 135.

This is an appeal from a judgment of the United States Customs Court, First Division. holding certain so-called "inlays," each of which comprises a small cylindrical hollow piece of metal closed at one end to which end is attached a wheel, a wick, and a piece of flint, dutiable as parts of "cigar lighters," designed to be worn on apparel or carried on or about the person, at 1 cent each and 50 per centum ad valorem under paragraph 1527 (c) (2) of the Tariff Act of 1930, as assessed by the collector at the port of New York, rather than as parts of smokers' articles at 60 per centum ad valorem under paragraph 1552, or, alternatively, as articles, not specially provided for, at 45 per centum ad valorem under paragraph 397 of that act, as claimed by the importers—appellants.

The paragraphs in question, so far as pertinent, read:

PAR. 1527. * * *

(c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including * * * cigar lighters * * * and like articles; * * * and parts thereof finished or unfinished:

*     *     *     *     *     *     *

(2) composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled gold plate), * * * 1 cent each and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

PAR. 1552. * * * and all smokers' articles whatsoever, and parts thereof, finished or unfinished, not specially provided for, of whatever material composed, except china, porcelain, parian, bisque, earthenware, or stoneware, 60 per centum ad valorem * * *.

PAR. 397. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron * * * or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

The articles in question are composed in chief value of base metal, and are not plated with platinum, gold, or silver, or colored with gold lacquer, and each is approximately 1½ inches in length and ⅜ of an inch in diameter.

On the trial below, counsel for appellants introduced in evidence exhibits 1 and 2, which are representative of the involved merchandise, and Illustrative Exhibits A and B.

Exhibits 1 and 2 have been hereinbefore described.

Illustrative Exhibits A and B are large celluloid articles, dice-like in appearance, each having a hole bored therein and an article like those here involved inserted in the hole.

On the trial below, two witnesses were called by appellants—Henry Waegelein, import manager of appellants, and Lewis Berk, production manager of appellants.

The testimony of the witness Waegelein will be better understood if the testimony of the witness Berk is reviewed first.

The witness Berk testified that appellants were engaged in the manufacture of "Various types of merchandise connected with the manufacture of catalin cutlery, which is also used in connection with the handles made of catalin *the same type of merchandise that they use on the lighter*" [italics ours]; that the only so-called "table lighters" or "ornaments" he had ever made (and it will be recalled that he is production manager of appellants) were similar to illustrative exhibits A and B, hereinbefore described; that he had been manufacturing such articles for a long period of time; that *he did not know whether the involved "inlays" were used in the manufacture of pocket cigar lighters, because he had never used them in that way;* and that the involved articles were imported by appellants for use with so-called "desk lighters" or "ornaments" like Illustrative Exhibits A and B. In answer to the following question by Presiding Judge McClelland: "The imitation dice, illustrative exhibits A and B, what are they used for, apart from exhibits 1 and 2, containing alcohol?" the witness replied: "The alcohol is inserted in the hole here in this, so that it will supply gas for lighting. *It is used for a paper weight or a table ornament.*" [Italics not quoted.]

The witness Waegelein testified that he was familiar with the involved articles, owing to the fact that his company had imported them and he had seen them "worked on and so on." When asked if he knew how the involved articles were used, he stated that he had seen them used. Then, although it appears from the testimony of appellants' production manager Berk, as hereinbefore related, that, so far as he was informed, appellants have never used articles like those here involved except in celluloid dice-like desk lighters or ornaments, of which Illustrative Exhibits A and B are representative, the witness Waegelein, when asked to state how the involved articles are used, said: "They have been in various items as 'inlays' manufactured in the United States. *In one particular·instance it comes readily to mind that it has been used in a dice lighter.* A hole has been bored in a celluloid dice of approximately two inches square, this inlay lighter inserted in there and *made into a desk paper weight lighter,* used on a desk in the home or anywhere." [Italics not quoted.]

On cross-examination, the witness Waegelein testified as follows:

X Q. Will you tell us for what other purposes these articles are used, other than with the dice?—A. Various other types of lighters that have been made, *of bakelite or anything else.* Some of them have been table lighters and others I would say were small enough to be used in the pocket or on the table; *but the general use of the lighter has been for things of larger size.*

\*      \*      \*      \*      \*      \*      \*

X Q. What is the ultimate use of these articles?
Judge SULLIVAN: As imported.—A. As a desk lighter.

\*      \*      \*      \*      \*      \*      \*

Presiding Judge McClelland: As they came in in the imported condition, what do you say as to whether they are designed to be carried on or about the person?

The Witness: They are not in a finished state to determine as to whether they could be carried on or about the person. It is necessary to insert them in some kind of article, *which might be carried on or about the person or can be used as a desk lighter.*

\* \* \* \* \* \* \*

R. X Q. You say that some of these articles in the condition as imported are placed into other articles that are carried on or about the person; is that right?—A. *All of these items are placed in things that might be carried on or about the person, or placed on a desk.* They must be further manufactured to be of use.

R. X Q. Do you know of your own knowledge that these articles are designed to be used as parts of articles to be carried on or about the person?—A. I believe there is no specific use for them in the manufacture of the imported item.

R. X Q. Are they also, outside of the dice which you referred to, are they used in the form of a pencil?—A. I have seen them so used.

R. X Q. In connection with a pencil?—A. Yes, sir.

R. X Q. At one end of the pencil this imported article is inserted and the fluid is inserted, and it is capped?—A. The only time I have seen them so used is when the pencil and the parts have been imported at the same time.

R. X Q. These articles as imported are used as parts of those pencils; is that right?—A. Yes, sir. [Italics ours.]

\* \* \* \* \* \* \*

It appears from the record that, as imported, the involved articles are completely finished parts for "cigar lighters," and that they are parts of such lighters is not questioned here by counsel for appellants. It is the position of counsel for appellants, however, that, although the involved articles are parts of cigar lighters, they are not parts of cigar lighters which are designed to be carried on or about the person, and, therefore, are not included within the provisions of paragraph 1527 (c) (2).

Although the witness Waegelein stated that the "general use of the lighter [the involved articles] has been for things of larger size" than "cigar lighters" suitable to be carried on or about the person, there is nothing in his testimony to indicate that he had any knowledge of how articles like those here involved are used by concerns other than his own—the appellants—in the United States, except that he had seen them used as parts of imported pencils, his statement in that regard being "The only time I have seen them so used is when the pencil and the parts have been imported at the same time." It will be recalled that the witness Berk testified that appellants' only use of articles like those here involved was in imitation dice paperweight lighters or ornaments. We are of opinion, therefore, that the statement of the witness Waegelein that the "general use" of the involved articles "has been for things of larger size" than cigar lighters suitable to be carried on or about the person is purely speculative.

Accordingly, we are unable to concur in the views of counsel for appellants that it has been established by testimony of probative

force that the involved articles are chiefly used "in the manufacture of desk lighters and other articles not designed to be carried on or about the person."

The evidence does not disclose to what extent articles like those here involved are used by appellants, and, so far as it appears therefrom, appellants' use of such articles in dice-like paperweights or table ornaments (apparently novelties) may, as stated by the trial court, be merely fugitive.

The collector assessed the involved "inlays" as parts of "cigar lighters" designed to be carried on or about the person. That they are used as parts of such "cigar lighters" is not questioned by either of appellants' witnesses. We are of opinion that the evidence of record is insufficient to establish that the involved "inlays" are not parts of "cigar lighters" designed to be carried on or about the person, and that the presumption of correctness attending the collector's classification has not been overcome. That the provision for parts of "cigar lighters" designed to be carried on or about the person, contained in paragraph 1527 (c), is a more specific designation for such parts than is the provision for parts of "smokers' articles," contained in paragraph 1552, *supra*, is so clear as to require no discussion.

It appears from the record that the involved articles are worth less than 20 cents per dozen—about 8 cents per dozen.

It is contended by counsel for appellants that there is "no authority for assessing" the involved articles at 1 cent each and 50 per centum ad valorem, because, it is argued, the rate of duty provided in paragraph 1527 (c) (2) is not 1 cent each and 50 per centum ad valorem; but, on the contrary, is "1 cent each *and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem,*" and that, as the involved articles are worth less than 20 cents per dozen, the quoted provisions of paragraph 1527 (c) (2) have no application to such articles. [Italics ours.]

It is apparent from the provisions of paragraph 1527 (c) (2) that the only rate of duty provided therein for parts of "cigar lighters" which parts are worth less than 20 cents per dozen, is 1 cent each and 50 per centum ad valorem. We see no anomaly in this situation. The Congress has clearly provided in paragraph 1527 (c) (2) for certain articles, valued above 20 cents per dozen pieces, and for parts thereof, and it must have contemplated that many such parts might and probably would be worth less than 20 cents per dozen pieces.

It is true, as stated by counsel for appellants, that in the case of *United States* v. *Kriss Kross Corp.*, 24 C. C. P. A. (Customs) 133, T. D. 48607, in holding certain parts of cigar or cigarette lighters, worth less than 20 cents per dozen pieces, there described as "small metal cogs or gear wheels," dutiable under paragraph 1527 (c) (2), *supra*, we said:

To conclude otherwise than that the goods at bar, being parts of articles valued above 20 cents per dozen pieces, *should not take a different rate of duty than the articles themselves, would be anomalous.* Having provided for the article and for parts thereof, it would seem obvious that the Congress intended that the parts, if imported separately, *would take the same duty as the completed article*, and we so hold. [Italics not quoted.]

We find nothing in our decision in that case contrary to the views hereinbefore expressed. That we did not there mean to be understood as holding that a part of a "cigar lighter," worth less than 20 cents per dozen pieces, should, in addition to 1 cent each and 50 per centum ad valorem, be assessed at "three-fifths of 1 cent per dozen for each 1 cent the *value exceeds 20 cents per dozen pieces,*" would seem to be obvious. [Italics ours.]

For the reasons stated, the judgment of the United States Customs Court is *affirmed.*